## BLAIR ET AL. v. BLAIR ET AL.

1. **Vendor and Vendee:** CONTRACT TO CONVEY: WAIVER OF FORFEITURE. Defendant entered into a contract to convey certain real estate, upon payment of the purchase price, as therein provided, the contract also providing that it might be declared forfeited by the defendant, in case any of the payments were not made at the times specified. Defendant afterward stated to the holder of the contract that he would not insist upon the forfeiture in case of default, and upon the strength of such statement the payments were allowed to become in arrears, and valuable improvements were made upon the property: *Held*, that the statement constituted a waiver of the right of defendant to declare a forfeiture, and that the holder was entitled to specific performance of the contract, upon the payment of the purchase money.

*Appeal from Boone Circuit Court.*

SATURDAY, APRIL 20.

AN action in equity, to enforce the specific performance of two contracts to convey land. There was a decree, after a trial upon the merits, dismissing plaintiffs' petition, from which they appeal.

*Hull & Ramsey* and *Montgomery & Scott,* for appellants.

*I. N. Kidder*, for appellees.

BECK, J.—In January, 1871, John I. Blair, who then held the title of the property in question, being two lots in Moingona, entered into a contract to convey them to Melissa Hutchinson, upon payments to be made at a future day. Mrs. Hutchinson entered into possession of the property, and made a payment of a part of the purchase money upon the execution of the contract.

1. VENDOR and vendee: contract to convey: waiver of forfeiture.

Under the express terms of the contract, Blair was authorized to declare it forfeited and enter into possession of the land upon the failure of the other party to make the payments at the times specified. Soon after the execution of the contract Mrs. Hutchinson assigned it to Atchison, who made valuable improvements upon the property, and on the 20th of September, 1871, conveyed an undivided one-half thereof to Henderson, taking a mortgage to secure the purchase money. The plaintiffs are the transferees of one of the notes secured by the mortgage, amounting to seven hundred and twenty-eight dollars and eighty-four cents, the other being paid. Henderson conveyed his interest in the property to Snedden, who is made a party to this suit. In February, 1874, plaintiffs purchased Atchison's remaining one-half interest in the property, and took an assignment from him of the contract executed by Blair. The improvements on the lots, consisting of a pottery, kiln, etc., worth three or four thousand dollars, were commenced about the time the contract was executed, and completed soon after. August 10, 1871, Blair conveyed the lots to the Moingona Coal Company. It appears that he was a stockholder and officer of that company, and held the title of the property in trust for the corporation. But it is not shown or claimed that he had not authority to enter into the contract for the sale with Mrs. Hutchinson. Indeed, the company must be regarded as assenting to his contract, as it claimed payment under the instrument, and at no time insisted that it was not entered into with full authority and right by Blair.

The payment not having been made in accord with the terms of the contract, the coal company, on the 24th day of September, 1872, declared it forfeited and annulled, of which they gave due notice to Mrs. Hutchinson.

It may be admitted, for the purpose of the case, that the coal company possessed full authority under the terms of the contract to declare the forfeiture, and that this could have been properly done under the facts of the case, unless the

Blair v. Blair.

right to do so had been waived by the defendants. This view of the case presents no other questions than those of law and facts arising upon plaintiff's claim that the right of forfeiture was waived.

It may be premised that forfeitures are not favored in chancery and will not be enforced in that court, but on the other hand chancery will not relieve against them when they are not unconscionable and in conflict with the rules of equity. It is also true that forfeitures, in contracts of this kind, may be waived by the parties entitled to enforce them, or such parties may be estopped, in a proper case, to enforce them. This doctrine is not, and we think cannot be, disputed.

We are of the opinion that the testimony in this case satisfactorily shows a waiver of the forfeiture, and that defendants are estopped from enforcing it. Mr. Blair, it is very clearly shown, before he conveyed the lands to the coal company, more than once declared to the plaintiffs, or those under whom they claim, that the forfeiture should not be enforced in case of a default in the payment. His agents made the same representations, of which the plaintiffs were informed, and, relying thereon, they were induced to delay payments. Indeed, it would seem that plaintiffs' assignors were pressed for means to complete the improvements on the lots and to carry on their business, and sought from Blair and his agents information as to their intentions to press the forfeiture, and were advised of the intention to grant them indulgence. They acted upon the declarations of intention they had from Blair and his agents, and did not make the payments.

The managing officer of the coal company is shown to have made similar statements of intentions to indulge plaintiffs' assignors. This he denies, but the preponderance of the testimony supports the claim of plaintiffs on this point. One of the plaintiffs and their assignor testify to these declarations of this officer, and this plaintiff states that, relying thereon, he expended a large sum of money upon the property. We think this point of fact is established by a fair

Blair v. Blair.

preponderance of the testimony. Equity will not enforce, in such a case, the forfeiture, but will regard it as waived, and hold the defendant estopped from setting up the default in the payments as a defense to the claim of plaintiffs for relief.

It is shown that plaintiffs made a tender of the amount due on the contract, and deposited the sum in the office of the clerk of the court.

The plaintiffs are entitled to a decree for the specific performance of the contract, so far as to fully protect their rights. The defendant, the Moingona Coal Company, will be required to convey to them the undivided one-half of the lots in controversy, and to defendant Snedden the other undivided one-half, unless the note secured by the mortgage which is held by plaintiffs be paid off and discharged; if that be done before the final decree is entered, it will not provide for a conveyance to Snedden of the undivided one-half of the property. Plaintiffs' interest in the undivided one-half of the property held by Snedden is secured by the mortgage. If that be paid, their right is terminated. If it be not paid, they ought to be secured in the enforcement of the mortgage, which cannot be done unless the undivided one-half of the property be conveyed to Snedden.

The decision of the court below will be reversed, and the cause will be remanded for a decree in harmony with this opinion.

REVERSED.